THE STATE, TRASK ET AL., PROSECUTORS, v. CARRAGAN,.
COLLECTOR OF BAYONNE.

1. The county board of commissioners of appeal in cases of taxation, appointed under act of 1873, page 794, is not vested with all the powers of commissioners of appeal under the general tax laws, but the author- ity to act is limited to the single instance when it shall appear that the value of property contained in any duplicate is relatively less than the value of other property in the county.
2. The board must adjudge that such inequality exists before it can act...
3. Persons to be affected by the action of the board are entitled to notice under section 8th of said acts.
4. By the act of March 31st, 1869 (*Laws*, 1869, *p.* 1017,) the license given. to riparian owners by the wharf act, has been revoked, as to the lands on Hudson river, New York bay and Kill Von Kull, but not as to. Newark bay.
5. Adjacency to tidewater is a circumstance which may properly enter into the estimate of valuation of lands for the purposes of taxation.
6. Any additional value which may be impressed upon lands, by reason of this adjacency to tidewater shall be assessed not on the fringe as a separate and distinct property, but on the entire lot of the assessable owner fronting on high water mark.

On *certiorari.*   In matter of taxation.   .

Argued at June Term, 1874, before Justices DALRIMPLE,. DEPUE and VAN SYCKEL.

For the plaintiffs, *James B. Vredenburgh.*

For the defendant, *Weart.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The *certiorari* in this case brings up. for review an assessment of taxes upon lands of the prosecutors,. situate in the city of Bayonne, fronting the tide waters bound- ing said city, made under and by virtue of resolutions of the board of commissioners of appeal in cases of taxation, of which the following are copies: "*Resolved,* that the resolution. heretofore adopted, taxing all shore front by lineal feet, includ-

State, Trask, pros., v. Carragan, Collector of Bayonne.

ing a fringe of the shore next adjoining the high water mark, be rescinded; *resolved*, that the valuation heretofore fixed on the fringe by the lineal foot, fronting on high water mark of the rivers and bays in Hudson county, be reduced fifty per cent. of the amount already assessed, and that instead of assessing the same on the margins of lots and plots fronting on high water mark, that the assessment be placed on the whole plot so fronting on high water mark."

These commissioners were appointed under and by virtue of an act approved April 4th, 1873, entitled "An act creating a county board of commissioners of appeal in cases of taxation, and for equalizing assessments for taxes in the county of Hudson." (*Laws*, 1873, *p*. 794.)

The third section of that act makes it the duty of the several assessors of the county to bring before the commissioners, on the first Monday of June in each year, their field books, containing the ratables and persons liable to taxation in their respective districts. The fourth section provides that the commissioners shall have power to examine any assessor's book as to valuations as a whole and to any particular piece of property assessed, and to examine witnesses as to assessments and for the purpose of equalizing the same between cities, towns or townships of said county; and if it shall appear to said commissioners that the value of the property contained in any duplicate is relatively less than the value of other property in the county, they may, for the purpose of fixing and adjusting the said proportion or quota, and for that purpose only, add thereto such per centage as shall appear to them just and proper, but not otherwise, or to increase or diminish the valuation of any particular piece of property in any assessment district.

By the ninth section, the meeting of the county board of assessors on the first Monday in September, as required by the general tax law, is abolished, and it will be observed that the powers theretofore exercised by the board of assessors under the thirteenth section of the act of April 11th, 1866, (*Nix. Dig.* 953, *pl.* 95,) are conferred, in the precise language

of the said thirteenth section, upon the commissioners by the fourth section of the act of 1873, with the additional power to the commissioners of increasing or diminishing the valuation of a particular piece of property in any district. The functions which before that had been exercised by the board of assessors, were by this act devolved upon the commissioners thereby created. The several bodies or boards known as the commissioners of appeal in cases of taxation, as before constituted, were preserved in full force by the sixteenth section of the act of 1873, with power to hear and determine all appeals in cases of taxation as heretofore.

From these recitals, it is manifest that the commissioners of appeal, appointed under the act in question, are not vested with all the powers and authority of commissioners of appeal under the general tax laws, but that their authority to act at all, is circumscribed and limited by the fourth section, to the single instance when it shall appear to them that the value of the property contained in any duplicate is relatively less than the value of other property in the county, when they shall adjudge that such inequality exists, they may, in the language of the act, for the purpose of fixing and adjusting the said proportion or quota, and for that purpose only, do either of two things—

1st. Add to the duplicate such per centage as shall appear to them just and proper ; or,

2d. Increase or diminish the valuation of any particular piece of property.

The board of assessors could correct the inequality only by adding a per centage to the whole duplicate; the commissioners may, if proper and equitable, increase or diminish individual assessments after careful examination, and if they deem best, the examination of witnesses.

The validity of the assessment now certified into this court, must be determined according to the interpretation of the act of 1873.

In *The State, Weehawken Township, prosecutors*, v. *Roe*, 7 *Vroom* 86, it was held that before the board of assessors

·could act at all upon any duplicate, they must decide that the valuation contained in it, was relatively less than the value ·of the property in the county.

The legislature having incorporated in the act of 1873 the exact language of the act of 1866, after it had received a judicial interpretation, it must be presumed that it was adopted with the construction given it by this court.

Under the authority cited, the commissioners had no jurisdiction to interfere with the assessments produced before them until they adjudged that the valuations in the several districts were not relatively equal. There is nothing in the case to show that they considered this matter at all, or that they had the sanction of their own judgment as a board of commissioners, that the state of facts existed that empowered them to act. In this respect there is a fatal informality in their proceedings.

They likewise committed a substantial error in failing to give notice to the persons who were affected by their action, as required by the first section of that act.

It is also contended that the fringe along high water mark has no assessable value on account of any riparian rights, which attach to it from its location adjacent to tide water.

By local custom, and under the wharf act, (*Nix. Dig.* 1025,) the shore owner had a right to reclaim the land between high and low water mark, until such time as the legislature should revoke such license.

By an act approved March 31st, 1869, (*Laws,* 1869, *p.* 1017,) this license has been revoked as to the tide water of Hudson river, New York bay and Kill Von Kull, so that, without grant from the state, no person can reclaim any land along these waters; with regard to Newark bay, the law remains as it was prior to the passage of the act of 1869.

The right of reclamation, which exists where the act of March 31st, 1869, is not applicable, is an incident to the owner's title which would appreciate its price in the market, and which must be considered in computing the value of his estate for the purposes of taxation.

State, Kingsland, pros., v. Township of Union.

Where lands on tide waters are within the operation of that act, the shore owner has no right to reclaim, but he has the advantage which may accrue from adjacency to the water until such time as the state shall exercise its power of disposition, and also the right of pre-emption, at ·a price to be established under the provisions of the law.

These are circumstances which may properly enter into the estimate of valuation.

It is true that the owner, unless he elects to purchase, may, at the will of the state, be deprived of his nearness to the water, but his right to the benefit of a public road, which enhances the value of his lands, is held by no better tenure.

Any additional value which may be impressed upon lands, by reason of their adjacency to tide water, should be assessed not on the fringe, as a separate and distinct property, but upon the entire lot of the assessable owner, fronting on high water mark.

For the reasons given, the proceedings of the commissioners, in my opinion, are erroneous and should be set aside.

Justices DALRIMPLE and DEPUE concurred.